IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NACOGDOCHES, TEXAS; JOSH ANDERS; and THE OVERLOOK AT NACOGDOCHES<br><br>Defendants. | CIVIL ACTION NO. 9:21-CV-00071<br>HON. MICHAEL TRUNCALE, PRESIDING |

**DEFENDANT CARDINAL STREET HOUSING, L.P.'S
RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S CORRECTED THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE MICHAEL TRUNCALE:

COMES NOW, CARDINAL STREET HOUSING, L.P., ("Cardinal") Defendant in the above entitled and numbered cause, hereby moves this Court under FED. R. CIV. P. 12(b)(6), to dismiss, and would respectfully show unto this Honorable Court as follows:

I. INTRODUCTION AND BACKGROUND

1. Plaintiff alleges she was assaulted by Josh Anders, alleged to be acting in his capacity as a police officer for the City of Nacogdoches Police Department[1] and on behalf of Defendant, Cardinal Street Housing, L.P. "*AKA the*

---
[1] Doc. No. 1, p. 3 ¶¶ 6-7.

*Overlook at Nacogdoches*."[2]  While Plaintiff seeks to invoke jurisdiction under 42 U.S.C. section 1983 pursuant to both 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948), the allegations appear to only involve the Plaintiff's deprivation of civil rights, and not a federal question.

4.     In her original Complaint, Plaintiff pled various causes of action which included a claim for "*threat of bodily injury*."[3]  Plaintiff's subsequently amended her complaint, rendering moot Defendant's prior motion.[4]  However, following Defendant's Motion to Dismiss, Plaintiff omitted her threat of bodily injury this amended version.

5.     In her Second Amended Complaint, Plaintiff alleged three causes of action.[5]  The claims as to Cardinal, include those under *§1983* and state law claims for physical injury and offensive physical contract.

---

[2] Doc. No. 26, pp. 10 - 11.
[3] Doc. No. 1, p. 9, ¶11.
[4] Doc. No. 9.
[5] See Doc. No. 26, p. 11:

**CAUSES OF ACTION**
**First and Second Causes of Action**
*43. Defendant Anders' treatment of Plaintiff Williams, described above, constitute violations of her Fourth Amendment rights to not be subject to unreasonable seizure, made actionable by 42 U.S.C. §1983. There was (1) no legal justification for the seizure and (2) the use of force during the seizure was excessive, making it unreasonable for both reasons.*
*44. Defendant Anders' treatment of Plaintiff Williams, described above, was motivated by his racial prejudice and constitutes a violation of her Fourteenth Amendment right to equal protection of the laws.*
*45. All Defendants are liable under §1983 because all are cloaked with color of state law under the circumstances of this case.*
*46. All Defendants are liable to Plaintiffs for compensatory damages and statutory attorney fees as authorized by 42 U.S.C. §1988. In addition, Defendants Anders, in his individual capacity, and Overlook Apartments are not public entities, so are liable to Plaintiff Williams for punitive damages.*
**Third Cause of Action**

6. In her Corrected Third Amended Complaint, Plaintiff alleged three causes of action.[6]

## CAUSES OF ACTION

### First and Second Causes of Action

*58. Defendant Anders' treatment of Plaintiff Williams, described above, constitute violations of her Fourth Amendment rights to not be subject to unreasonable searches and seizures, made actionable by 42 U.S.C. §1983. There was (1) no legal justification for the seizure, (2) no legal justification for any use of force, and/or (3) no legal justification for degree of force used during the search and seizure.*

*59. Defendant Anders' treatment of Plaintiff Williams, described above, was motivated by his and the other Defendants' racial prejudice, and therefore constitutes a violation of her Fourteenth Amendment right to equal protection of the laws.*

*60. All Defendants are liable under §1983 because all are cloaked with color of state law under the circumstances of this case.*

*61. All Defendants are liable to Plaintiffs for compensatory damages and statutory attorney fees as authorized by 42 U.S.C. §1988. In addition, Defendants Anders, in his individual capacity, and Overlook Apartments are not public entities, so are liable to Plaintiff Williams for punitive damages.*

### Third Cause of Action

*62. Under the law of the State of Texas, Defendant Cardinal Street Housing, L.P. is also vicariously liable for Defendant Anders' assault on Plaintiff Williams because it was facilitated and foreseeably caused by that Defendant's negligent hiring, supervision, retaining and/or training of Anders and was withing [sic] the course and scope of his employment and because Defendant Cardinal Street Housing, L.P. authorized Anders to*

---

*47. Defendant Overlook Apartments is also liable for assault for Defendant Anders' infliction of physical injury and offensive physical contact under the laws of the State of Texas, for which Plaintiff seeks both compensatory and punitive damages.*

[6] Doc. No. 44, p. 18-19.

> *exercise his state granted police powers. Plaintiff seeks both compensatory and punitive damages for this cause of actions [sic].*

Once again, Cardinal moves to dismiss all of Plaintiff's claims under FRCP 12(b)(6) for the reasons set forth, below.

## II. ARGUMENT AND AUTHORITY

### A. STANDARD OF REVIEW

7. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."[7] As the United States Supreme Court has made abundantly clear, "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "factual enhancement" are insufficient to state a cause of action[8] Rather, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face."[9] Though the plausibility standard is not akin to a "probability requirement," it asks for more than a "possibility that a defendant has acted unlawfully."[10] To avoid dismissal, the Complaint must contain "more than labels and conclusions,"[11] but must include specific factual allegations "enough to raise a right to relief above the speculative level."[12]

### B. §1983 CLAIMS.

8. Section 1983 of Title 42 provides:[13]

---

[7] Fed. R. Civ. P. 12(b)(6)
[8] *Bell Atlantic v. Twombly*, 550 U.S. 544, 548, 557 (2007).
[9] *Id.* at 570.
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009).
[11] *Twombly*, 550 U.S. at 555.
[12] *Id.* at 548.
[13] 42 U.S.C.A. § 1983 (West Supp.1997).

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....*

9.	The constitutional sections creating the substantive rights in this case are the Fifth and Fourteenth Amendments. Williams alleges that she was denied her rights under those Amendments by Defendants on the basis of her race. Because the Amendments are directed at the States, they can be violated only by "state action" and not by the conduct of a private actor.[14] "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power."[15] Section § 1983's "under color of law" requirement is treated " 'as the same thing' as the 'state action' " requirement under the Constitution.[16]

10.	To prevail in a § 1983 action, Williams must show (1) that Defendant deprived her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, Defendant acted under color of state law.[17] The question in this case is whether the actions of Cardinal could be considered the actions of the State for the purposes of liability under 42 U.S.C. § 1983. Defendant submits that the answer is no.

---

[14] *Ponticelli v. Zurich Am. Ins. Group*, 16 F. Supp. 2d 414, 425 (S.D.N.Y. 1998).
[15] *Lugar v. Edmondson Oil* Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).
[16] *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (*quoting United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)).
[17] *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

11. "The ultimate issue in determining whether [Defendants are] subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?' "[18] For the conduct of Cardinal to be fairly attributable to the State, it must be a state actor.[19]

12. In the instant case, the Cardinal may be held liable under § 1983 if it passes the so-called "close nexus/joint action test," which requires the Plaintiff to demonstrate " 'a sufficiently close nexus between the State and the challenged action of the [private] regulated entity so that the action of the latter may be fairly treated as that of the State itself.' "[20]

13. Williams has failed to allege a sufficiently close nexus between the State and a private Defendant, Cardinal, to mandate their classification as state actors. Williams has not alleged sufficient, or at best merely threadbare facts, tantamount to stating Cardinal is a "willful participant[s] in joint activity with the State or its agents,"[21] or facts to demonstrate any collaboration or conspiracy with a person acting under color of state law to violate Williams' constitutional rights.[22] As discussed further below, because Williams fails to make a showing of cognizable

---

[18] *Rendell–Baker*, 457 U.S. at 838, 102 S.Ct. 2764 (*quoting Lugar*, 457 U.S. at 937, 102 S.Ct. 2744).
[19] *See Lugar*, 457 U.S. at 937, 102 S.Ct. 2744.
[20] *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).
[21] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
[22] *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995).

state action, which cannot be cured by amendment, these claims should also be dismissed, with prejudice.

14. A defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis.[23] *Monell v. Department of Social Services* involved a municipal corporation, but every circuit court to consider the issue has extended the holding to private corporations as well.[24] The same holds true for Cardinal: Cardinal cannot be faulted for the conduct of an alleged employee.

15. Even if Williams could attribute liability to Cardinal directly and not vicariously, she is unable to state a claim for section 1983 relief. A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.[25] Taking the factual allegations of Williams' complaint as true, which the Court must do when reviewing motions to dismiss,[26] there may be an actionable claim for deprivation of a constitutional right: involuntary detention implicates the liberty interest protected by the due process clause of the Fourteenth

---

[23] *Monell v. Department of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[24] *See Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir.1989) (private mental health center); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982) (department store); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982) (security guard employer); *see also Jones v. Preuit & Mauldin*, 851 F.2d 1321, 1325 (11th Cir.1988) (en banc), vacated on other grounds, 489 U.S. 1002, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989) (private defendants in 42 U.S.C. § 1983 actions should have at minimum same defenses available to public defendants).
[25] *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156–57, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).
[26] *Walker Process Equip. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965),

Amendment.[27] So, the critical question before this Court is whether Cardinal acted under color of state law or, in the context of the Fourteenth Amendment, whether Cardinal's alleged actions are "fairly attributable to the State."[28]

16. For a defendant's actions to be fairly attributable to the state, "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."[29] Again, Williams' complaint ultimately fails because Cardinal is no state actor.

C. **PHYSICAL INJURY AND OFFENSIVE PHYSICAL CONTACT CLAIMS.**

17. Plaintiff alleges a cause of action for physical injury and offensive physical contact.[30] Plaintiff further alleges, "…***race discrimination*** *is a cause of Anders' attack on Williams*," and "*Defendant Anders' treatment of Plaintiff Williams, described above, was motivated by his **racial prejudice**….*" [31]

---

[27] *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323 (1979).
[28] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982).
[29] *Id.*, 102 S.Ct. at 2753–54.7
[30] Doc. 1, p. 9., ¶ 33.
[31] Doc. 44, p. 6, ¶ 44, and p. 18, ¶ 59, bold emphasis added. The precise allegations are:
*24. The Defendant City and NPD have a history of tolerating race discrimination by their police officers and police department. It is Plaintiff's information and belief that the City's complicity in race discrimination is a cause of Anders' attack on Williams.*
*25. For instance, City's annually reported racial profiling statistics reflect that its officers are consistently more than three times as likely to search non-white citizens as white citizens. The City is aware of this disparity and has done nothing to determine and correct its causes or to provide any explanation for the disparities other than racial discrimination.*
*26. Also, while the City typically hires only one, or a few, Black African-American officers, it is well below the number of Black officers that would be expected based on*

18. An employee is acting outside the scope of his employment when he commits an assault out of personal animosity and not in relation to his employer's business.[32] Because Plaintiff specifically alleges an assault that was allegedly committed due to personal animosity based on racial discrimination, Plaintiff fails to state a claim against Cardinal.[33] Assault is typically considered as an expression of personal animosity and not for the purpose of carrying out an employer's business.[34] Plaintiff further does not allege any facts to support that Cardinal authorized, consented to or orchestrated the alleged assault against the Plaintiff based on her race, or that it caused Mr. Anders to single out the plaintiff based on her race. Thus, these claims alleged could not be committed in the course and scope of any alleged employment with Anders.

---

> *the racial composition of the City's population. The City is aware of this and similarly takes no meaningful effort to determine or correct the apparent discriminatory effects of its practices.*
>
> *27. The NPD is generally known to have problems getting along with the Black citizens of Nacogdoches, and similarly does nothing meaningful to determine or correct the apparent discriminatory effects.*
>
> *…*
>
> *59. Defendant Anders' treatment of Plaintiff Williams, described above, was motivated by his racial prejudice and constitutes a violation of her Fourteenth Amendment right to equal protection of the laws.*

[32] *Texas & P. Ry. v. Hagenloh,* 247 S.W.2d 236, 241 (Tex.1952); *see, e.g. Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W. 3d 489, 494-95 (Tex.App.—Fort Worth 2002, no pet.), *overruled on other grounds, Seim v. Allstate Tex. Lloyds,* 551 S.W.3d 161 (Tex.2018); *Tierra Drilling Corp. v. Detmar,* 666 S.W.2d 661, 662-63 (Tex.App.—Corpus Christi 1984, no writ).

[33] The element of personal animosity has specifically been applied in the context of prejudice or dislike of a class or group. *See, e.g. Detmar,* 666 S.W.2d at 662-663 (not in course and scope of employment for supervisor to assault employee because of supervisor's dislike of Texans).

[34] *Voskuil v. Envtl. Helath Ctr.-Dallas*, 3:96-CV-0683-D, 1997 WL 527309, at *11 (N.D. Tex. Aug. 18, 1997)(citing *Tierra Drilling Corp. v. Detmar*, 666 S.W.2d 661, 662 (Tex. App. 1984, no writ; *Texas & Pac. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952)).

### D.  NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING CLAIMS.

19. Plaintiffs' Corrected Third Amended Complaint contains the only a conclusory and formulaic recitation that it is vicariously liable:[35]

> "[B]ecause it was facilitated and foreseeably caused by that Defendant's negligent hiring, supervision, retaining and/or training of Anders…."

Notably absent from the plaintiff's pleadings is an allegation that anyone affiliated with the defendant in a similar capacity engaged in similar acts of negligence in the past, or that the defendant failed to discover such history through some screening process. Indeed, plaintiff alleges no facts supporting an inference that the defendant knew or had reason to know that Anders was unfit to perform his jobs, facts obliging defendant to properly supervise, or that Anders was not adequately trained. In other words, the plaintiff's attempt to state a claim for negligent hiring, supervision, retention and training amounts to no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[36] Because the plaintiff has not pled sufficient facts to establish these element, especially the breach element the Court should find that plaintiff has failed to state a claim for negligent hiring, supervision, retaining and training.

### E.  FUTILITY OF ADDITIONAL AMENDMENTS.

20. As Plaintiff has demonstrated by being unable to correct these deficiencies with her three amendments, any further amendments would also be futile because all of the Complaints affirmatively fail to demonstrate plausible relief.

---

[35] Doc. No. 44, p. 19, ¶62.
[36] See *Iqbal*, 556 U.S. at 678.

Therefore, these claims should be dismissed with prejudice. Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.[37] Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge and enable her meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[38] Where a claim is frivolous or the "complaint alleges the plaintiff's best case," however, the plaintiff need not be allowed an opportunity to amend.[39] Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend.").[40] Because the facts do not support a cause of action for threat of bodily injury and Plaintiff specifically alleges an assault that was committed due to

---

[37] *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)(plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 413 (E.D. La. 2016) (quoting *Hernandez v. Ikon Office Sols., Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009)).

[38] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).

[39] *Whiddon v. Chase Home Fin., LLC*, any potential amendment would be futile. 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)); *A.W. v. Humble Indep. Sch. Dist.*, 23 F. Supp. 3d 973, 1008 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015); *see Neitzke*, 490 U.S. at 327-28; *Hart*, 199 F.3d at 248 n.6.

[40] *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Marucci Sports, L.L.C. v. Nat'l Coll. Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 208 (5th Cir. 2009).

personal animosity based on racial discrimination any potential amendment would be futile and these claims should be dismissed with prejudice.

F. **DEFENDANT CITY OF NACOGDOCHES'S MOTION TO DISMISS**

21. As Plaintiff imputes the actions of the City and Anders to Cardinal,[41] pursuant to FEDERAL RULE OF CIVIL PROCEDURE 10(c), Defendant incorporates herein Documents 47 and 48, Defendant City of Nacogdoches's Motion to Dismiss Under Rule 12(b)(6), and Defendant Anders Motion to Dismiss Claims Asserted Against Him in Plaintiff's Corrected Third Amended Complaint by Josh Anders,

### III. CONCLUSION

22. Based upon the authority cited and argument herein, Defendant urges the Court to grant this motion and dismiss the Plaintiff's claims, with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant Defendant's Motion to Dismiss.

Respectfully submitted,

**SMITH PARKER ELLIOTT, PLLC**

By: _____
Patrick N. Smith
SBN: 00797458
*PSmith.Service@SPE-Law.com*
Christopher Winiecki
SBN: 24107968
*CWiniecki.Service@SPE-Law.com*
10355 Centrepark Dr., Suite 240
Houston, Texas 77043
(832) 220-5400
(832) 220-5429 – fax

---

[41] Doc. 1, p. 8, ¶ 31.

**ATTORNEYS FOR DEFENDANT
CARDINAL STREET HOUSING, L.P.**

**CERTIFICATE OF SERVICE**

I, Patrick N. Smith, hereby certify that on this 1st day of November 2021 a true and correct copy of this document has been properly served on all counsel of record and filed electronically through the ECM system in the UNITED STATES DISTRICT COURT, EASTER DISTRICT OF TEXAS, LUFKIN DIVISION.

By: _____
Patrick N. Smith