IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF NACOGDOCHES, TEXAS, ITS FORMER POLICE OFFICER JOSH ANDERSON, and THE OVERLOOK AT NACOGDOCHES, APARTMENT COMPLEX,<br><br>    Defendants. | No. 9:21-CV-00071-MJT-ZJH |

## REPORT AND RECOMMENDATION GRANTING DEFENDANT JOSH ANDERS' MOTION TO DISMISS

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for all pretrial matters. Doc. No. 102. On April 9, 2021, Plaintiff Shannon Williams, then through counsel, filed this lawsuit against Defendants the City of Nacogdoches, Texas ("the City"), Nacogdoches police officer Josh Anders, and Cardinal Street Housing, L.P. a/k/a "The Overlook at Nacogdoches" ("Overlook Apartments") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, for the alleged unlawful assault, detention, and arrest of Williams in violation of her Fourth and Fourteenth Amendment rights. Pending is Defendant Josh Anders' partial *Motion to Dismiss Claims Against Him Due to Plaintiff's Failure to State a Claim* ("Motion to Dismiss" or "Motion") (Doc. No. 112).

In the undersigned's previous *Report and Recommendation* (Doc. No. 110), the court concluded that Williams failed to establish an underlying Fourteenth Amendment violation in her *Monell* claim against the City based on the events at the heart of this litigation. For the same reasons stated in its previous report, the court therefore recommends granting Anders' motion

regarding Williams' Equal Protection Clause claim.  Second, the court discerns that Williams has adequately pleaded an assault claim against Anders.  However, Anders has satisfied all three elements of Section 101.106(f) of the Texas Tort Claims Act, and accordingly, the court recommends dismissing Williams' assault claim as well.  Thus, the undersigned recommends granting Defendant Josh Anders' instant *Motion to Dismiss* (Doc. No. 112).

I.    **Background**[1]

On April 9, 2021, Plaintiff Shannon Williams, then proceeding through legal counsel, filed this instant civil rights case alleging all three Defendants were liable under 42 U.S.C. § 1983 for violating her Fourth and Fourteenth Amendment rights during Officer Anders' alleged assault of Williams in the Overlook Apartments parking lot in April 2019.  *See generally* Doc. No. 44; Doc. No. 110 at 2–3.

On December 21, 2022, the undersigned issued a *Report and Recommendation* (Doc. No. 110), recommending that the Court grant the City's then-pending *Fourth Motion to Dismiss* (Doc. No. 100).  In its report, the undersigned concluded that Williams' *Corrected Third Amended Complaint* (Doc. No. 44) adequately pleaded underlying constitutional claims under the Fourth Amendment for excessive force and false arrest.  Doc. No. 110 at 9–16.  However, the undersigned alternatively concluded that Williams' operative complaint failed to properly plead a claim under the Fourteenth Amendment's Equal Protection Clause.  *Id.* at 16–18.  On January 20, 2023, the Court adopted the undersigned's *Report and Recommendation*.  Doc. No. 119.

---

[1] The parties are fully apprised of the underlying facts of this case and the court need not spend time reciting them once more.  For a full recitation of the facts and procedural history, *see* the undersigned's previous *Report and Recommendation* (Doc. No. 110).

On January 4, 2023, Officer Anders filed the instant partial *Motion to Dismiss*. Doc. No. 112. On February 23, 2023, Williams filed her *Second Reply and Brief to Motion to Dismiss* ("Response") (Doc. No. 123). On March 2, 2023, Anders filed his *Reply to Plaintiff's Response to Defendant Anders' Motion to Dismiss* ("Reply") (Doc. No. 124).

## II.     Legal Standard

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plaintiff's complaint "does not need detailed factual allegations," but her complaint "must raise a right to relief above the speculative level," providing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022) (citations omitted).

When assessing a motion to dismiss under this Rule, the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). However, courts must "identify and disregard conclusory allegations because they are 'not entitled to the assumption of truth.'" *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188, at *4 (E.D. Tex. Mar. 19, 2021) (quoting *Ashcroft v. Iqbal*, 556

3

U.S. 662, 664 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

### III. Discussion

In the instant motion, Anders moves to dismiss Williams' Fourteenth Amendment claims against him.[2] Doc. No. 112 at 3–8. Additionally, to the extent that they are pleaded in Wililams' *Corrected Third Amended Complaint* (Doc. No. 44), Anders moves to dismiss Williams' claim against him under the common law tort of assault. Doc. No. 112 at 8–10. The court will address each allegation in turn.

#### A. Equal Protection Clause

Anders moves to dismiss Williams' cause of action against him under the Equal Protection Clause, asserting that (1) Williams failed to "allege facts which even suggest that similarly situated individuals were treated differently than she was" and (2) even if Williams adequately pleaded her equal protection claim, it fails to overcome Anders' defense of qualified immunity. Doc. No. 112 at 9–10.

The defense of qualified immunity has two prongs, both of which must be rebutted to overcome the defense: (1) "whether an official's conduct violated a constitutional right of the plaintiff"; and (2) "whether the right was clearly established at the time of the violation." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)); *Peterson v. Johnson*, 57 F.4th 225, 232 (5th Cir. 2023) (same). Normally, "[t]his two-step inquiry . . . is not mandatory" and the court has discretion to skip the first prong. *Longoria Next*

---

[2] The court notes that Anders does not move to dismiss the Fourth Amendment claims for excessive force and unlawful arrest against him. These claims remain active in this litigation.

*Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 264 (5th Cir. 2019); *see also Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020) (citing *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019)) ("We can analyze the prongs in either order or resolve the case on a single prong."); *cf. Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that district court judges have discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand," but strongly advising lower courts to consider constitutional questions first).

In the undersigned's previous *Report and Recommendation*, the court analyzed Williams' *Monell* claim against the City, which required the court to assess the underlying Fourteenth Amendment constitutional claim against Officer Anders. *See* Doc. No. 110 at 16–18. There, the undersigned stated, in pertinent part:

> Specifically, Williams alleges that 'Anders'[s] attack was racially motivated,' which therefore constitutes an equal protection violation.
>
> . . .
>
> Here, Williams failed to allege that she was treated differently from persons similarly situated to her. *Anokwuru*, 990 F.3d at 965. Indeed, Williams alleges that she and her friends 'and most of the other people in the same area, happened to be black[,] African Americans who had been at the campus swimming gathering.' Doc. No. 44 at 7, ¶ 29. Therefore, Williams has provided no similarly situated comparator to show that Anders 'singled out' Williams for her race. *Anokwuru*, 990 F.3d at 965.
>
> Moreover, other than the conclusory allegation that 'Anders'[s] attack was racially motivated,' Williams has also failed to allege facts supporting the assertion that Anders harbored discriminatory intent. *Id.* Williams's conclusory allegations that Anders's actions were 'racially motivated' decidedly cannot suffice. . . .
>
> . . .
>
> Accordingly, Williams has not plausibly stated a claim that Anders violated her rights under the Equal Protection Clause.

Doc. No. 110 at 16–18 (alterations in original).

Thus, the undersigned has already analyzed and addressed Williams' Fourteenth Amendment claims against Officer Anders, and reached the conclusion that Williams has not plausibly stated a claim under the Equal Protection Clause. *Id.* The court does not need to analyze this claim again.[3] Accordingly, for the same reasons stated in its earlier report, the undersigned recommends granting Officer Anders' instant motion to dismiss regarding Williams' equal protection claim against him.

### B. Assault Claim

Lastly, to the extent the court "construes the allegations in the amended complaint to assert a claim of assault against Officer Anders under Texas law," Anders moves to dismiss this claim, contending that he is immune under Texas Civil Practices and Remedies Code § 101.106(f). Doc. No. 112 at 8, 9–10. First, the court discerns that Williams has adequately pleaded a claim for assault against Anders in her operative complaint. Second, however, the court agrees that Anders is immune under Section 101.106(f).

After reviewing her *Corrected Third Amended Complaint*, the court infers that Williams has pleaded a cause of action for assault against Anders. Doc. No. 44. For example, Williams alleges in her introductory paragraph that she "commences this action pursuant to 42 U.S.C. § 1983 and pendant state law, bringing civil rights claims against Anders . . . for common law assault." *Id.* at 2, ¶ 1. Later on, Williams states that Anders "had a legal duty to . . . not subject[] citizens to assault under state law," and that Anders "assaulted Plaintiff Williams" at the Overlook Apartments. *Id.* at 3, ¶¶ 5, 7. Further down in her complaint, Williams plainly asserts: "Defendant Anders['] treatment of Ms. Williams constituted assault under Texas law." *Id.* at 16, ¶ 45. Finally,

---

[3] For example, the law-of-the-case doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)).

6

under Section V of her complaint, entitled "CAUSES OF ACTION," Williams' "Third Cause of Action" repeats that Anders assaulted Williams in her claim against the Overlook Apartments. *Id.* at 19, ¶ 62.

More importantly, Williams has alleged enough factual allegations to satisfy *Iqbal* and *Twombly*. Here, the court directs the parties to *Johnson v. City of Shelby, Mississippi*. 574 U.S. 10 (2014). In *Johnson*, police officers working for the City of Shelby, Mississippi alleged they were unlawfully discharged for whistleblowing the criminal activities of one of the aldermen. *Id.* On appeal, the Fifth Circuit affirmed the district court's grant of summary judgment for failure to explicitly state 42 U.S.C. § 1983 on the face of their complaint. *Id.* The Supreme Court summarily reversed this decision, holding in pertinent part:

> The Fifth Circuit defended its requirement that complaints expressly invoke § 1983 as 'not a mere pleading formality.' . . .
>
> . . .
>
> Our decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), are not [on] point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. *Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city.* Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e).

*Id.* at 12 (internal citations omitted) (first emphasis in original) (second emphasis added).

In Texas, "the definition of 'assault' is the same in both criminal and civil law," and occurs when a defendant "(1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably

7

believe that the other will regard the contact as offensive or provocative.'" *McLean v. United States*, No. 1:21-cv-168, 2023 WL 2623156, at *4 (E.D. Tex. Mar. 1, 2023) (citing *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, no writ) and quoting TEX. PENAL CODE § 22.01(a)(1)–(3)), *R. & R. adopted*, No. 1:21-cv-168, 2023 WL 2616918 (E.D. Tex. Mar. 23, 2023).

Here, Williams alleges enough facts for the court to discern that Anders "intentionally, knowingly, or recklessly cause[d] bodily injury to [Williams]" on the evening giving rise to this action. *Id.* at *4. Williams alleges that "[s]uddenly, without known or apparent reason[,] Anders ran across a parking lot, violently grabbed Williams from behind and yanked her to the ground, then placed her in a headlock and dragged her back across the parking lot where he again put her on the pavement, this time with her face on a concrete curb, and twisted her arm behind her back." Doc. No. 44 at 1–2; *see also id.* at 8–15 (attached photographs from Anders' dash camera footage showing Anders' assault of Williams). Accordingly, even though Williams did not explicitly state a cause of action for assault against Anders, Williams "plead[ed] [enough] factual content that allows the court to draw the reasonable inference that [Anders] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put succinctly, Williams "stated simply, concisely, and directly events that, [she] alleged, entitled [her] to damages from [Anders]" for an assault claim. *Johnson*, 547 U.S. at 12.

### i. Section 101.106(f) Immunity

In the instant motion, however, Officer Anders raises that he is immune from this assault claim pursuant to section 101.106(f) of the Texas Civil Practices & Remedies Code, and that instead, Williams "could, and should, have brought her state law assault claim under the Texas Tort Claims Act against the City of Nacogdoches, not Officer Anders." Doc. No. 112 at 9

8

(collecting citations). The court agrees with Anders and accordingly grants his instant motion to dismiss for this claim.

"The election-of-remedies provision in section 101.106(f) of the Texas Tort Claims Act requires courts to grant a motion to dismiss a lawsuit against a governmental employee sued in an 'official capacity' but allows the governmental unit to be substituted for the employee." *Garza v. Harrison*, 574 S.W.3d 389 (Tex. 2019) (citing TEX CIV. PRAC. & REM. CODE § 101.106(f)). A governmental employee is sued in his official capacity "when the suit (1) is 'based on conduct within the general scope of that employee's employment' and (2) 'could have been brought under the Act against the governmental unit.'" *Id.* (citing TEX CIV. PRAC. & REM. CODE § 101.106(f)). [4]

Normally, under the common law, public employees are "individually liable for their own torts, even when committed in the course of employment." *Id.* at 399 (footnote, internal quotation marks, and citation omitted). However, Section 101.106(f) "forces a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or employment such that the government unit is vicariously liable." *Id.* (footnote, internal quotation marks, and citation omitted). Thus, when an employee moves to dismiss under this section, it "essentially prevents an employee from being sued at all for work-related torts and instead provides for a suit against the governmental employer." *Id.* (footnote, internal quotation marks, and citation omitted).

---

[4] The plain terms of Section 101.106(f) state, in full:

> If a suit is filed [1] against an employee of a governmental unit [2] based on conduct within the general scope of that employee's employment and [3] if it could have been brought under [the Tort Claims Act] against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as a defendant on or before the 30th day after the date the motion is filed.

TEX CIV. PRAC. & REM. CODE § 101.106(f).

Turning to the first element—whether Anders' actions were taken within the scope of his employment—Williams' operative complaint forecloses any argument in the alternative. *Garza*, 574 S.W.3d at 389. Anders' instant motion correctly highlights pertinent portions of Williams' operative complaint that pleads that Anders acted within the scope of his employment. Doc. No. 112 at 14. When viewed in its totality, Williams' *Corrected Third Amended Complaint* provides the following indicia that Anders acted in the course of his employment:

> 5. Defendant Josh Anders ("Anders") is a white male and was a person and police officer in the City of Nacogdoches Police Department *acting under color of state law at times pertinent to this case*. . . .
>
> 6. Defendant City of Nacogdoches ("City") is a person and municipality under the state law of Texas, operating the Nacogdoches Police Department ("NPD") *where Defendant Anders was employed as a police officer at times pertinent hereto*. . . .
>
> 41. Mr. Anders later documented that he was an off-duty police officer who had been attempting to *arrest* Williams for allegedly evading arrest.
>
> 51. There was no practical or legal justification for Anders' treatment of Williams, including his use of force against her and unreasonable seizure of her. Nonetheless, his actions were within the scope of his employment by both Defendants Outlook Apartments and the City of Nacogdoches[.]
>
> 54. The Defendant City's virtually complete control of Ander[s'] off-duty work, and its failure to properly regulate his use of force and other police powers during his off-duty work, make the City's policies and customs a driving force behind his violations of Williams' rights.
>
> 62. Under the law of the State of Texas, Defendant Cardinal Housing, L.P. is also vicariously liable for Defendant Anders' assault on Plaintiff Williams because it . . . was within[] the course and scope of his employment and because Defendant Cardinal Street Housing, L.P. authorized Anders to exercise his state[-]granted police powers.

Corrected Third Am. Compl., Doc. No. 44 at 3, 16–17, 19, ¶¶ 5, 6, 41, 51, 54, 62.

On a motion to dismiss posture, the "court accepts well-pled facts as true and 'views them in the light most favorable to the plaintiff.'" *Vardeman v. City of Hous.*, 55 F.4th 1045, 1050

10

(2022) (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). Moreover, the Texas Supreme Court has spoken unambiguously that is of no import whether an officer is on or off-duty when acting within the course of his employment, stating that:

> Peace officers retain their status as peace officers twenty-four hours a day, which means that a police officer's 'off-duty' status is not a limitation upon the discharge of police authority in the presence of criminal activity. If an off-duty officer observes a crime, as a matter of law he becomes an off-duty officer. . . . Accordingly, whether an officer is on or off duty does not determine whether the officer's conduct falls within the scope of his employment.

*Garza*, 574 S.W.3d at 403 (internal citation and quotation marks omitted).

After reviewing Williams's operative complaint, the first two elements of Section 101.106(f) are easily met: Williams brought a lawsuit against an employee of the Nacogdoches Police Department ("NPD"), thereby making him an employee of a governmental unit, and it appears that the parties agree that Anders acted within the course of his employment. TEX CIV. PRAC. & REM. CODE § 101.106(f); *see also id.* § 101.001 (defining "Governmental unit" as "including any city" or "emergency service organization"); *Garza*, 574 S.W.3d at 403 ("[A] police officer is always a police officer, even during off-duty hours").

Moving to the third element—whether Williams could have sued the NPD and/or the City of Nacogdoches under the Texas Tort Claims Act—this element is also easily met. TEX CIV. PRAC. & REM. CODE § 101.106(f). In *Franka*, the Texas Supreme Court construed the phrase "could have been brought under this chapter against the governmental unit," stating that "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, *all tort theories alleged against a governmental unit [or one of its employees]*, whether [they are] sued alone or together with [their] employees, *are assumed to be 'under the Tort Claims Act'* for purposes of section 101.106." *Franka v. Velazquez*, 332 S.W.3d 367, 378 (Tex. 2011) (citation omitted). Thus, this test is "met in almost every [ ] suit against a government

employee," with the only exception occurring when a suit is brought against a government employee pursuant to a statute that independently waives immunity, instead of a tort. *Id.* at 381; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act are not brought 'under the Tort Claims Act.'"). Otherwise, a claim sounding in tort law has satisfied the "brought under the Act" test on the date that "it is filed." *Franka*, 332 S.W.3d at 380 ("These examples serve to illustrate the obvious: that suit is brought under the Act when it is filed, not when waiver of immunity by the Act is established."); *Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 161 (5th Cir. 2017) (citations omitted) ("Section 101.106(f), then, asks not whether Wilkerson can succeed on the merits, but whether his claim sounds in tort.").

Thus, because Williams alleges a tort claim against Officer Anders—the tort of assault—this claim "could have been brought under [the Tort Claims Act]" against the NPD or the City of Nacogdoches. TEX CIV. PRAC. & REM. CODE § 101.106(f); *Franka*, 332 S.W.3d at 378; *see also Chavez v. Alvarado*, 550 F. Supp. 3d 439, 454 (S.D. Tex. 2021) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014)) ("The Texas Tort Claim Act 'does not waive immunity for claims arising out of intentional torts,' including assault."). Accordingly, as Anders has satisfied all three elements under Section 101.106(f), the Court should grant his motion to dismiss the instant assault claim. TEX CIV. PRAC. & REM. CODE § 101.106(f) (emphasis added) ("On the employee's motion, the suit against the employee *shall be dismissed*").

In sum, for the same reasons that the undersigned stated in its previous report (Doc. No. 110), the court recommends dismissing Williams' equal protection claim against Defendant Anders. Second, the court has construed Williams' operative complaint as pleading an assault claim against Officer Anders. However, pursuant to the Section 101.106(f) of the Texas Tort

12

Claims Act, the court recommends granting Anders' motion to dismiss as he (1) is an employee of a government unit, the NPD, (2) the parties appear to agree that his actions were taken within the scope of his employment, and (3) Williams' claim sounding in tort indicates that it "could have been brought" against the City or the NPD. As all three (3) elements are met, the court recommends dismissing Williams' assault claim against Anders. The court reminds Plaintiff Shannon Williams that she retains live claims against Defendant Anders in this litigation under 42 U.S.C. § 1983 for excessive force and unlawful arrest pursuant to the Fourth Amendment.

### IV. Recommendation

For these reasons, the undersigned recommends granting Defendant Josh Anders' *Motion to Dismiss Claims Against Him Due to Plaintiff's Failure to State a Claim* (Doc. No. 112). Plaintiff Shannon Williams retains her Fourth Amendment claims in this action against Defendant Anders under 42 U.S.C. § 1983.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy

of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge