IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF NACOGDOCHES, TEXAS, ITS FORMER POLICE OFFICER JOSH ANDERSON, and THE OVERLOOK AT NACOGDOCHES, APARTMENT COMPLEX,<br><br>    Defendants. | No. 9:21-CV-00071-MJT-ZJH |

## REPORT AND RECOMMENDATION GRANTING DEFENDANT THE CITY OF NACOGDOCHES' MOTION TO SEVER AND FOR PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for all pretrial matters. Doc. No. 102. On December 21, 2022, the undersigned issued its *Report and Recommendation* granting the City of Nacogdoches' ("the City") *Fourth Motion to Dismiss* (Doc. No. 100). Doc. No. 110. On January 20, 2023, Judge Truncale issued an *Order Adopting Report and Recommendation* (Doc. No. 119), dismissing with prejudice Plaintiff Shannon Williams' claims against the City. Now pending is the City's instant *Motion to Sever and for Partial Final Judgment Under Rule 54(b)* ("Motion for Partial Final Judgment" or "Motion"). Doc. No. 120.[1]

---

[1] On February 2, 2023, the court ordered Williams to respond to Defendants' several dispositive motions, including the instant motion. Doc. No. 122. Williams has failed to meaningfully respond to the City's *Motion for Partial Final Judgment*.

In its motion, the City moves to sever the dismissal with prejudice, and asks the court to enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). *See generally id.* Federal Rule of Civil Procedure 54(b) states, in full:

> JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

"Pursuant to this provision, a court may enter a partial final judgment as to some but not all claims in a lawsuit when multiple parties are involved if the court determines there is no just reason for delay." *Jeanty v. TXFM, Inc.*, No. 4:19-CV-00366-ALM-CAN, 2021 WL 4143924, at *2 (E.D. Tex. Aug. 6, 2021) (citation omitted), *R. & R. adopted*, No. 4:19-CV-00366-ALM-CAN, 2021 WL 4133880 (E.D. Tex. Sept. 10, 2021). "Rule 54(b) reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals." *Id.* (internal quotation marks and citations omitted). The court therefore has discretion in determining the "appropriate time" for when a final judgment is ready for appeal. *Id.* "In exercising such discretion, the court must find there is no just reason for delay in entering the partial final judgment; this inquiry requires the court to consider the judicial administrative interests and the equities involved." *Id.* (internal quotation marks and citation omitted).

More on point, as the City has correctly briefed in its instant motion, courts in this District consider five (5) factors in determining whether partial final judgment is appropriate:

> (1) The relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Jeanty*, 2021 WL 4143924, at *2; *see also* Def.'s Mot., Doc. No. 120 at 3 (listing same five factors).

Turning to the present motion, the undersigned easily determines that the Court has entered final judgment in favor of the City. *Oliver v. Klein Indep. Sch. Dist.*, 472 F. Supp. 3d 367, 375 (S.D. Tex. 2020) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)) ("Rule 54(b) requires a final judgment, which is a 'decision upon a claim for relief' that is 'a final decision in the sense of an ultimate disposition of an individual claim.'"). On December 21, 2022, the undersigned issued a *Report and Recommendation* (Doc. No. 110), recommending that the Court grant the City's then-pending motion to dismiss with prejudice. On January 20, 2023, the Court adopted the undersigned's report and dismissed Williams' claims against the City with prejudice. Doc. No. 119. This dismissal was a "final ruling" regarding all of Williams' claims against the City and "no future development at the trial level will require this Court to consider these claims again." *Jeanty*, 2021 WL 4143924, at *3; *see also Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) ("Because the district court dismissed with prejudice all claims against [one of the defendants], [that defendant] was no longer a party before that court and the order granting summary judgment is properly on appeal pursuant to Rule 54(b)."). Accordingly, the first prong is easily satisfied. *Oliver*, 472 F. Supp. 3d at 372.

Turning to the five (5) factors that this District assesses, these factors also weigh in favor of granting the City's instant motion. First, the City has no live, pending causes of action against it. As such, requiring a dismissed defendant to remain in the case for the sole purpose of "tracking" or "monitoring" the proceedings of the other active defendants only serves to cause unjust delay. *See Bowling v. Dahlheimer*, No. 4:18-CV-00610, ALM-CAN, 2020 WL 9936583, at *3 (E.D. Tex. Aug. 6, 2020) ("If this Court denied [the motion for partial final judgment], these Defendants could remain involved in this case for a further protracted period of time."), *R. & R. adopted*, No. 4:18-CV-00610, ALM-CAN, 2020 WL 5369984 (E.D. Tex. Sept. 8, 2020), *aff'd*, 2022 WL 670150 (5th Cir. Mar. 7, 2022), *cert. denied*, 143 S. Ct. 353 (2022); *Oliver*, 472 F. Supp. 3d at 376 ("If this court denied the Rule 54(b) motion, the defendants could remain involved in this case for a protracted period. . . . Granting the defendants['] Rule 54(b) relief would avoid that delay and piecemeal presentation, and is the most efficient and fairest approach for all parties."), 377 (stating that the dismissed defendants "should not have to 'wait and monitor' Arnold's appellate, pretrial, and trial proceedings against the remaining defendant.").

Moreover, the City is correct in stating that while there is a factual overlap between the claims Williams asserted against it, and the claims Williams asserts against the other defendants, ultimately, they are distinct from each other because a *Monell* municipal liability claim requires showing a policy or practice of constitutional violations, while other claims under 42 U.S.C. § 1983 against the other defendants do not. Doc. No. 120 at 5–7; *see also Jeanty*, 2021 WL 4143924, at *3 ("[W]hile there is overlap among the facts supporting all claims, the claims asserted against the Moving Defendants are distinct from those asserted against the sole remaining Defendant"); *Wright v. Weaver*, No. 4:07-CV-369, 2010 WL 3860109, at *2 (E.D. Tex. Sept. 30, 2010) ("Although there is some overlap among the facts supporting Plaintiff's negligence claim

against Judson Weaver and his negligent entrustment claims against Joe and Cathey Weaver, the grounds of recovery are not so related that they may be considered mutually exclusive"). Thus, as in *Jeanty*, there is "little risk of the 'reviewing court being obliged to consider the same issue a second time.'" *Jeanty*, 2021 WL 4143924, at *3 (quoting *Bowling*, 2020 WL 9936583, at *3). Lastly, the second and fourth factors do not pose a concern. *Id.* at *2. Instead, the interests of judicial economy and avoiding unjust delay warrant providing finality to the City in this case.

## I. Recommendation

For these reasons, the undersigned recommends that the City of Nacogdoches' *Motion to Sever and for Partial Final Judgment Under Rule 54(b)* be granted and partial final judgment entered as to the City of Nacogdoches under Rule 54(b).

## II. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds

of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge