IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SHANNON WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:21-CV-00071-MJT |
| THE CITY OF NACOGDOCHES, TEXAS, | § | JUDGE MICHAEL J. TRUNCALE |
| ITS FORMER POLICE OFFICER JOSH | § | |
| ANDERSON, and THE OVERLOOK AT | § | |
| NACOGDOCHES, APARTMENT | § | |
| COMPLEX, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER OVERRULING DEFENDANT CARDINAL STREET HOUSING, L.P.'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On November 18, 2022, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pretrial management. [Dkt. 102]. Pending is Defendant Cardinal Street Housing, L.P., a/k/a "The Overlook at Nacogdoches" ("Cardinal")'s Fourth Motion to Dismiss Plaintiff's Third Amended Corrected Complaint. [Dkt. 121]. On June 15, 2023, Judge Hawthorn issued his Report and Recommendation, which recommends granting in part and denying in part Cardinal's pending Motion to Dismiss. [Dkt. 134]. Specifically, Judge Hawthorn recommends granting the Motion to Dismiss as to Plaintiff Shannon Williams' claims against Cardinal that she brought pursuant to 42 U.S.C. § 1983 and various theories of negligence, but recommends denying the Motion as to Williams' vicarious liability claim. [Dkt. 134 at 19–20]. On June 23, 2023, Cardinal filed its instant Objections to Report and Recommendation Denying in Part Defendant's Motion to Dismiss. [Dkt. 138].

Cardinal principally objects to Judge Hawthorn's recommendation that, in her operative complaint, Williams plausibly pleaded that Defendant Josh Anders acted within the scope of his employment with Cardinal, as opposed to his employment with the City of Nacogdoches. *See* [Dkts. 138 at 3; 134 at 13]. To determine whether she adequately pleaded that Anders acted in his capacity

as a Cardinal employee rather than as an employee for the City of Nacogdoches, Judge Hawthorn analyzed Williams' vicarious liability claim according to the Supreme Court of Texas's "capacity test." *See* [Dkt. 134 at 13–19]; *see also Huynh v. Walmart Inc.*, 30 F.4th 448, 454 (5th Cir. 2022) ("To determine if an off-duty police officer was acting in an official capacity or an employee of a private employer, courts 'analyze the capacity in which the officer acted at the time he committed the acts for which the complaint is made.'") (quoting *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 418 (Tex. App.—Dallas 2007, pet. denied)); *Garza v. Harrison*, 574 S.W.3d 389, 403–04 (Tex. 2019) (discussing capacity test). Cardinal objects to Judge Hawthorn's analysis, in part, because Cardinal contends that "this Court had already determined, without the filing of any subsequent objection, that the actions taken by Anders were within the scope of his employment as a police officer for the City of Nacogdoches as a matter of law." [Dkt. 138 at 3] (citing R. & R., Dkt. 131 at 10).

Cardinal makes this objection in reference to Judge Hawthorn's May 24, 2023 Report and Recommendation, which recommended granting Anders' partial Motion to Dismiss. [Dkt. 131]. In that report, Judge Hawthorn concluded that, pursuant to the election-of-remedies provision in section 101.106(f) of the Texas Tort Claims Act, Anders is immune from suit for Williams' assault claim against him. *Id.* at 8–13. Importantly, when analyzing whether Anders acted in the course of his employment as a Nacogdoches police officer, Judge Hawthorn highlighted portions of Williams' complaint which indicate that she intended to bring this action against Anders in his capacity as a Nacogdoches police officer. *Id.* at 10. Judge Hawthorn then noted that the parties appeared to "agree that Anders acted within the course of his employment [as a Nacogdoches police officer]." *Id.* at 11 (citations omitted).

At first glance, Judge Hawthorn's instant report may appear to contradict this conclusion, [Dkt. 134 at 16–19], but the Court agrees with Judge Hawthorn's conclusions in both reports. A police officer's assertion of governmental immunity under section 101.106(f) constitutes a challenge to the court's subject-matter jurisdiction. *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922,

927 (Tex. 2015) (per curiam) ("Governmental immunity defeats a court's jurisdiction. . . . The asserted source of waiver is the Texas Tort Claims Act ("TTCA").") (citation omitted); *Frick v. Jergins*, 657 S.W.3d 840, 844–49 (Tex. App.— El Paso 2022, no pet.) (analyzing immunity under 101.106(f) as a challenge to subject-matter jurisdiction); *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 4369499, at *1 n.4 (S.D. Tex. July 10, 2020) ("Plaintiffs argue that Rule 12(b)(6) applies to these Motions to Dismiss. Plaintiffs are mistaken because 'an employee's motion to dismiss under § 101.106(f) challenges the trial court's subject matter jurisdiction.'") (quoting *Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No. 5:19-CV-0106-JKP, 2019 WL 6876499, at *3 (W.D. Tex. Dec. 17, 2019)); *Curley v. Gonzalez*, No. 3:15-CV-1341-L, 2017 WL 4351073, at *6 (N.D. Tex. Sept. 30, 2017) ("As the dismissal involves immunity, it appears to be a jurisdictional matter; therefore, the dismissal pursuant to section 101.106(f) will be without prejudice."). While Anders did not explicitly bring his motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) *and* 12(b)(1), *see* [Dkt. 112 at 1] ("Defendant police officer Josh Anders moves the Court, under FED. R. CIV. P. 12(b)(6), to dismiss claims Plaintiff asserts against Officer Anders . . . ."), Judge Hawthorn's analysis was correct.

"Unlike a Rule 12(b)(6) motion which is confined to evaluating the pleadings, a Rule 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "And '[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, so 'the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.'" *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (quoting *Ramming*, 281 F.3d at 161). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citations omitted).

Thus, Judge Hawthorn properly applied the Rule 12(b)(1) standard to conclude that (1)

3

Williams indicated an intent to bring this action against Anders in his capacity as an employee of the City of Nacogdoches and, more importantly, that (2) the parties appeared to "agree that Anders acted within the course of his employment" as a Nacogdoches police officer. [Dkt. 131 at 11]. This is because the Court may resolve a 12(b)(1) motion based on the complaint alone, or by considering undisputed facts. *See Kling*, 60 F.4th at 284. And, unlike a Rule 12(b)(6) motion to dismiss, which requires the Court to "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff," *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (internal quotation marks and citation omitted), Rule 12(b)(1) obligates the plaintiff to establish subject-matter jurisdiction. *See Shemwell*, 63 F.4th at 483; *Coury*, 85 F.3d at 248.

In Anders' Motion to Dismiss Claims Against Him Due to Plaintiff's Failure to State a Claim, Anders explicitly asserts that he acted within the course and scope of his employment for the City of Nacogdoches. [Dkt. 112 at 6] ("When a governmental employee like Officer Anders raises immunity . . . ."); *id.* at 9 ("An arrest, like the one that occurred in this case, is conduct within the general scope of that employee's employment and it could have been brought under this chapter against the governmental unit."). Indeed, throughout his Motion to Dismiss, Anders repeatedly refers to himself as "Officer Anders," indicating that he believed he acted in his capacity as a Nacogdoches police officer. *See generally id.*

On February 23, 2023, Williams filed her Second Reply and Brief to Defendant[s'] the City of Nacogdoches, Former Nacogdoches Police Officer, Josh Anders, and Overlook Apartments['] 12(b)(6) and 54(b) Motions to Dismiss ("Response"). [Dkt. 123]. There, in response to Anders' Motion to Dismiss, Williams indicates that she agreed that Anders acted within his capacity as a City of Nacogdoches police officer. *Id.* at 2 ("Defendant Anders, then a police officer, . . . ."); *id.* at 4 (referring to Anders as "a law enforcement officer"). Thus, Judge Hawthorn's analysis was correct: the record shows that the parties do not dispute, for the purposes of Anders' Rule 12(b)(1) motion to dismiss, that he acted within the scope of his employment as a Nacogdoches police officer.

4

It is true that Williams' operative complaint contains contradictory allegations. *See generally* [Dkt. 44]. In some instances, she alleges that Anders acted "under color of state law" and pursuant to his police powers. *E.g.*, *id.* at 2–3. But in other instances, she alleges that he acted as an employee for Cardinal. *See, e.g.*, *id.* at 4. Indeed, she expressly acknowledged these contradictions by alleging that Anders' "actions were within his scope of his employment *by both* Defendants Outlook Apartments and the City of Nacogdoches[.]" *Id.* at 17 (emphasis added). Ultimately, Williams will not be able to have it both ways. The *trier of fact* will eventually have to conclude the capacity under which Anders acted. *See Huynh*, 30 F.4th at 454; *Garza*, 574 S.W.3d at 403–04 ("[I]f an officer is protecting a private employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the private employer, a fact question may arise as to whether the officer's conduct is in a private or official capacity."). But dismissing Williams' claims at this stage, simply because she pleaded alternative theories of liability, is not proper.

Next, Cardinal reiterates its belief that, in the alternative, Anders acted within the course of his employment as a police officer for the City of Nacogdoches. [Dkt. 138 at 5]. First, Cardinal cites *Garza* for the proposition that "[p]eace officers are expected to stop crime *whenever it occurs*," and that "[i]f an off-duty police officer observes a crime, as a matter of law he becomes an on-duty police officer." *Id.* (emphasis in original) (citing *Garza*, 574 S.W.3d at 403). Cardinal further objects to Judge Hawthorn's report by stating that "there is no issue of material fact when an officer decides independently to arrest a person for evading arrest, and the officer was acting as an on-duty police officer as a matter of law." *Id.* at 6–7 (emphasis omitted) (citing *Ogg*, 239 S.W.3d at 419). Cardinal then concludes that "[w]ithout evidence that Anders' duties directly or indirectly included some responsibility for confronting people on the premises, there is no basis to conclude his use of force was closely connected to any authorized duty and within the scope of his employment." *Id.* at 8.

First, the Court reminds Cardinal that it filed, and Judge Hawthorn analyzed, a motion to dismiss, *not* a motion for summary judgment. [Dkts. 121, 134]. Any objection that relates to

"evidence" or "material fact(s)" is not relevant here because a court's analysis of a motion to dismiss is limited to the plaintiff's *pleadings*. *Cf. Allen*, 65 F.4th at 743. Second, while Cardinal correctly states the rule for when an off-duty officer acts as an on-duty officer, the pleadings have failed to allege any underlying rationale for Anders' initial arrest of Williams. [R. & R., Dkt. 110 at 15]. Therefore, Williams' pleadings do not support a conclusion that Anders transformed into an on-duty police officer as a result of observing a crime. Nor do the pleadings indicate that Anders had reasonable suspicion that Williams had, or would soon, engage in criminal activity. *See id.*; *Ogg*, 239 S.W.3d at 419 ("Because an off-duty police officer's public duty can also be triggered by 'reasonable suspicion' that a person is, has been, or soon will be engaged in criminal activity, the officer need not personally witness a crime to be acting within his official capacity."). Judge Hawthorn's scope of employment analysis is correct when reviewing the facts alleged in Williams' operative complaint as true, and resolving all inferences in her favor. [Dkt. 134 at 13–19]. Because Williams sufficiently pleaded that Anders acted within the scope of his employment for Cardinal, dismissal of Williams' vicarious liability claim against Cardinal is not warranted.

It is therefore **ORDERED** that Judge Hawthorn's Report and Recommendation Granting in Part and Denying in Part Defendant Cardinal Street Housing, L.P.'s, a/k/a "The Overlook at Nacogdoches," Fourth Motion to Dismiss [Dkt. 134] is **ACCEPTED**. Plaintiff Shannon Williams' claims against Defendant Cardinal Street Housing, L.P. pursuant to 42 U.S.C. § 1983 and negligent hiring, supervision, retention, and training are therefore **DISMISSED WITH PREJUDICE**. Plaintiff Shannon Williams' claim against Defendant Cardinal Street Housing, L.P. brought pursuant to a theory of vicarious liability remains active in this litigation.

**SIGNED this 11th day of July, 2023.**

_____
Michael J. Truncale
United States District Judge